, IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil No. 20-1047 |
| STEVEN CARL CLAGGETT;<br>DEVIN LANE CARLISLE,<br>f/k/a DEVIN LANE CLAGGETT; AND<br>STATE OF KANSAS EX REL. KANSAS<br>DEPARTMENT OF REVENUE, | |
| Defendants. | |

## **COMPLAINT**

COMES NOW the United States of America, by Stephen R. McAllister, United States Attorney for the District of Kansas, and Brian D. Sheern, Assistant United States Attorney, and for its cause of action alleges:

1.      This is a civil action for foreclosure of a Mortgage brought by the United States of America under the provisions of 28 U.S.C. § 1345.

2.      Service may be made upon the Defendants in the following manner:

     a.      Defendant Steven Carl Claggett may be served the Summons and a copy of the Complaint at 940 Apollo, Liberal, KS 67901, within the jurisdiction of this Court.

     b.      Defendant Devin Lane Carlisle, f/k/a Devin Lane Claggett, may be served the Summons and a copy of the Complaint at 4201 Grande Drive, Amarillo, TX 79108-6820.  This Defendant may be considered within the jurisdiction of the Court pursuant to the long-arm statute, K.S.A. § 60-308(b).

    c.      Defendant State of Kansas ex rel. Kansas Department of Revenue may be served, pursuant to K.S.A. § 60-304(d)(5), by delivering the Summons and a copy of the Complaint to the Kansas Attorney General, Derek K. Schmidt at 120 SW 10th Ave., 2nd Floor,Topeka, Kansas 66612.

3.     Defendant Steven Carl Claggett executed and delivered to Plaintiff United States, acting through the Farm Service Agency, United States Department of Agriculture, a promissory note on April 16, 2012, in the principal amount of $83,000.00, together with interest at the rate of 1.2500 percent (1.2500%) per annum on the unpaid balance.  As consideration for this note, Plaintiff United States made an operating  loan to Defendant Steven Carl Claggett, under the Consolidated Farm and Rural Development Act of 1961 (CFRDA), pursuant to 7 U.S.C. § 1921, *et seq*.  A true and correct copy of the Promissory Note is attached as Exhibit A.

4.     Defendant Steven Carl Claggett executed and delivered to Plaintiff United States, acting through the Farm Service Agency, United States Department of Agriculture, a promissory note on July 31, 2013, in the principal amount of $60,000.00, together with interest at the rate of 1.1250 percent (1.1250%) per annum on the unpaid balance.  As consideration for this note, Plaintiff United States made an operating  loan to Defendant Steven Carl Claggett, under the Consolidated Farm and Rural Development Act of 1961 (CFRDA), pursuant to 7 U.S.C. § 1921, *et seq*.  A true and correct copy of the Promissory Note is attached as Exhibit B.

5.     On August 30, 2013, to secure repayment of the indebtedness identified in paragraphs 3 and 4 above, Defendants Steven Carl Claggett and Devin Lane Carlisle, f/k/a Devin Lane Claggett, executed and delivered a security interest in the form of a real estate mortgage upon real property located in Stevens County, Kansas, within the jurisdiction of this Court, described as follows:

SURFACE AND WATER RIGHTS ONLY in and to:

West Half of the Southeast Quarter (W/2 of SE/4) of Section Thirty-one (31), Township Thirty-four (34) South, Range Thirty-seven (37) West of the 6th P.M., Stevens County, Kansas.

This real estate mortgage was filed on September 23, 2013, in the office of the Register of Deeds of Stevens County, Kansas, in Book 288 at Page 36. A true and correct copy of the Mortgage is attached as Exhibit C.

6.      Defendant Steven Carl Claggett executed and delivered to Plaintiff United States, acting through the Farm Service Agency, United States Department of Agriculture, a promissory note on June 14, 2012, in the principal amount of $260,000.00, together with interest at the rate of 3.3750 percent (3.3750%) per annum on the unpaid balance. As consideration for this note, Plaintiff United States made a Farm Ownership loan to Defendant Steven Carl Claggett, under the Consolidated Farm and Rural Development Act of 1961 (CFRDA), pursuant to 7 U.S.C. § 1921, *et seq.* A true and correct copy of the Promissory Note is attached as Exhibit D.

7.      On June 14, 2012, to secure repayment of the indebtedness identified in paragraph 6 above, Defendant Steven Carl Claggett, executed and delivered a purchase-money security interest in the form of a real estate mortgage upon real property located in Stevens County, Kansas, within the jurisdiction of this Court, described as follows:

SURFACE AND WATER RIGHTS ONLY in and to:

West Half of the Southeast Quarter (W/2 of SE/4) of Section Thirty-one (31), Township Thirty-four (34) South, Range Thirty-seven (37) West of the 6th P.M., Stevens County, Kansas.

This real estate mortgage was filed on June 14, 2012, in the office of the Register of Deeds of Stevens County, Kansas, in Book 278 at Page 324. A true and correct copy of the Mortgage is attached as Exhibit E.

3

8.     Plaintiff United States is the owner and holder of the liability and security documents set out above, attached as Exhibits A, B, C, D and E.

9.     Defendant Steven Carl Claggett failed to pay installments of principal and interest when due in violation of the liability and security documents set out above.  Plaintiff United States elected to exercise its option to declare the entire unpaid principal balance plus interest to be immediately due and payable and made demand for these amounts.

10.     The amount due on the promissory notes is principal in the amount of $290,186.73 (including unpaid principal of $289,126.73, real estate appraisal of $650.00, agency title report fees of $400.00 and Secretary of State lien search fee of $10.00) as of January 24, 2020; plus interest in the amount of $36,910.41 (including interest on principal of $36,865.88 and interest on advances of $44.53) accrued to January 24, 2020; plus interest accruing thereafter at the daily rate of $24.2746 (including daily interest on principal of $24.0434) to the date of judgment; plus administrative costs of $255.00 (including lis pendens filing fee of $5.00 and title report fees of $250.00) pursuant to the promissory notes and mortgages; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

11.     No other action has been brought to recover these sums.

12.     Plaintiff United States has completed all loan servicing requirements of the Consolidated Farm and Rural Development Act of 1961 (CFRDA) (7 U.S.C. § 1981d, *et seq*.) and implementing rules and regulations.

13.     The following Defendants may claim an interest in the real property:

4

a.   Defendant Devin Lane Carlisle, f/k/a Devin Lane Claggett, may claim a marital interest in the real property as a signatory to the mortgage referenced above.

b.   Defendant State of Kansas ex rel. Kansas Department of Revenue may claim an interest in the real estate pursuant to State tax warrant filed 5/23/16 in the amount of $1,721.71 for tax periods 2013 and 2014.

14.   The indebtedness due Plaintiff United States is a first and prior lien on the property described above.

15.   The interests of all Defendants are junior and inferior to the interests of Plaintiff United States.

Plaintiff United States demands *in rem* judgment of foreclosure and *in personam* judgment against Defendant Steven Carl Claggett in the amount of of $290,186.73 (including unpaid principal of $289,126.73, real estate appraisal of $650.00, agency title report fees of $400.00 and Secretary of State lien search fee of $10.00) as of January 24, 2020; plus interest in the amount of $36,910.41 (including interest on principal of $36,865.88 and interest on advances of $44.53) accrued to January 24, 2020; plus interest accruing thereafter at the daily rate of $24.2746 (including daily interest on principal of $24.0434) to the date of judgment; plus administrative costs of $255.00 (including lis pendens filing fee of $5.00 and title report fees of $250.00) pursuant to the promissory notes and mortgages; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

Plaintiff United States further demands that its Mortgages be declared first and prior liens on the real property and that such advances as Plaintiff United States may be authorized and

required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as first and prior liens on the security.

Plaintiff United States further demands that it be granted *in rem* judgment foreclosing its mortgages on the real property and foreclosing the interests of all Defendants, and that all right, title, and interest in and to the real property of all Defendants, and of all persons claiming by, through or under these Defendants be decreed to be junior and inferior to the Mortgage of the Plaintiff United States and be absolutely barred and foreclosed.

Plaintiff United States further demands that the real property be sold at public sale with no right of redemption in any party, and that the sale be subject to any unpaid real estate taxes, special assessments and easements of record.

Plaintiff United States further demands that it may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale, and that the sale proceeds be applied in the following order:

(1)     Filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2)     The costs of this action and the foreclosure sale;

(3)     The interest accruing on Plaintiff United States' *in personam* judgment against Defendant Steven Carl Claggett;

(4)     Plaintiff United States' *in personam* judgment against Defendant Steven Carl Claggett; and,

(5)     Any remaining balance should be held by the Clerk of the District Court to await the Court's further order.

Plaintiff United States further demands that the judgment granted it in the Order and Judgment be the final judgment of this Court.

Plaintiff United States further demands that in the event the judgment is not satisfied from the proceeds of the sale, that it be granted judgment against Defendant Steven Carl Claggett for any deficiency that exists after crediting the proceeds, together with interest accruing at the legal judgment rate until paid.

Plaintiff United States further demands that if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee or grantee's assigns, ordering and directing the United States Marshal to place the applicant in full, complete, and peaceful possession of the real property.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney
District of Kansas


s/ Brian D. Sheern
BRIAN D. SHEERN
Assistant United States Attorney
Ks. S.Ct. No. 21479
1200 Epic Center
301 N. Main
Wichita, Kansas 67202
PH: (316) 269-6481
FX: (316) 269-6484
Email: brian.sheern@usdoj.gov
Attorneys for the Plaintiff

## REQUEST FOR PLACE OF TRIAL

Plaintiff United States of America hereby requests that trial of the above-entitled matter be held in the City of Wichita, Kansas.

s/ Brian D. Sheern
BRIAN D. SHEERN
Assistant United States Attorney

Form Approved - OMB No. 0560-0237
This form is available electronically. (See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026 (09-07-10) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name<br>STEVEN CARL CLAGGETT | 2. State<br>KANSAS | 3. County<br>STEVENS |
|---|---|---|

| 4. Case Number<br>18-095-440942028 | 5. Fund Code<br>44 | 6. Loan Number<br>02 | 7. Date<br>APRIL 16, 2012 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE<br>OL-BF-7YR OL | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments

☐ Consolidation  ☐ Rescheduling  ☐ Debt write down

☒ Subsequent loan  ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*   607 E 11TH, HUGOTON, KANSAS 67951   or at such other place as the Government may later designate in writing, the principal sum of *(b)*   EIGHTY-THREE THOUSAND AND NO/100----------------------------------

-----------------------------   dollars *(c)* ($  83,000.00   , plus interest on the unpaid principal balance at the RATE of *(d)* ONE AND ONE-FOURTH ----------------------------------------- percent *(e)*   1.25   %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  7   installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 12,458.00 | MARCH 1, 2013 | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |

and *(d)* $  12,458.00   thereafter on the *(e)*  1^st   of each *(f)* MARCH   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  7   years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial X SC   Date X 4-16-12

EXHIBIT
A

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>*(MM-DD-YYYY)* | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>*(MM-DD-YYYY)* |
|---|---|---|---|---|---|
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial X _S.L._     Date X _4-16-12_

FSA-2026 (09-07-10)                                                                                      Page 3 of 3

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.


_____
 STEVEN   CARL   CLAGGETT



1148 ROAD F
HUGOTON, KS      67951

NOTE:   *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.  The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.***

This form is available electronically.

| FSA-2501 | • U.S. DEPARTMENT OF AGRICULTURE | Form Approved – OMB No: 0560-0233 |
|---|---|---|
| (07-25-12) | Farm Service Agency | Position 2 |

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
## FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name<br>STEVEN CARL CLAGGETT | 2. Full Case Number (ST/CO/9 digits)<br>18    -095   - 0 440942028 |
|---|---|

3. Promissory Note or Assumption Agreement:

| A. Fund Code<br>44 | B. Loan Number<br>02 | C. Date<br>04/16/2012 | D. Amount<br>$83,000.00 |
|---|---|---|---|

4.   This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

    A.   Disaster Designation Number:  S3641

    B.   Date of Installment being Set-aside:  03/01/2014

    C.   Amount of Installment Set-aside:  $ 12,458.00

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name<br>Steven Carl Claggett | 5B. Signature | 5C. Date<br>6-12-14 |
|---|---|---|
| 6A. Borrower Name | 6B. Signature | 6C. Date |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| 8A. Borrower Name | 8B. Signature | 8C. Date |

NOTE:   *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

*Form Approved - OMB No, 0560-0237*

This form is available electronically.        *(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)*

| **FSA-2026** <br> (12-05-12) | **U.S. DEPARTMENT OF AGRICULTURE** <br> Farm Service Agency | Position 2 |
|---|---|---|

### PROMISSORY NOTE

| 1. Name <br> Steven Carl Claggett | 2. State <br> Kansas | 3. County <br> Stevens |
|---|---|---|
| 4. Case Number <br> 18-095-440942028 | 5. Fund Code <br> 44 | 6. Loan Number <br> 06 | 7. Date <br> July 31, 2013 |

| 8. TYPE OF ASSISTANCE <br> D-OL-7 Yr. | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

- [ ] Initial loan
- [ ] Conservation easement
- [ ] Deferred payments
- [x] Consolidation
- [x] Rescheduling
- [ ] Debt write down
- [ ] Subsequent loan
- [ ] Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)*   607 E. 11th Hugoton, KS. 67951   or at such other place as the Government may later designate in writing, the principal sum of *(b)* SIXTY THOUSAND DOLLARS AND NO/100-------------------------------
--------------------------------- dollars *(c)* ($ 60,000.00       , plus interest on the unpaid principal balance at the **RATE** of *(d)* ONE AND ONE-EIGHTH
percent *(e)*   1.125   %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*   7  
installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 8,962.00 | DECEMBER 1, 2013 | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |

and *(d)* $   8,962.00   thereafter on the *(e)* 1st of DECEMBER   of each *(f)* YEAR   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   7   years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _____ Date _____

**EXHIBIT**

**B**

0500-022
for reviewing instructions, source
collection of information. RETURN THIS COM...

Page 2 of 3

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-01 | $ 48,000.00 | 1.25 % | 4-16-12 | Steven Carl Claggett | 4-16-13 |
| 44-05 | $ 42,000.00 | 1.125 % | 10-10-12 | Steven Carl Claggett | 10-10-19 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _SC_  Date _9-11-13_

FSA-2026 (12-05-12)                                                                          Page 3 of 3

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

Signature(s) As Described In State Supplement:

_STEVEN   CARL   CLAGGETT_


1148 ROAD F
HUGOTON, KS 67951

NOTE:      *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or ...
loan or otherwise expended under the terms of any security agreement or other inst...
evidenced by this note, at the option of the Government sh...
debt evidenced by this note and ...

Page 2 of 3



STATE OF KANSAS    SS
COUNTY OF STEVENS
This instrument was filed for record on the 23rd
day of September    A.D. 2013
at 1:50 o'clock P.M. and duly recorded in
Book 268 on page 316   Fee $ 28.00
Athea R Schnittker, Deputy
Register of Deeds

Book 268   Page 316

Position 5

Form Approved - OMB No. 0560-0237
*(See Page 5 for Privacy Act and Public Burden Statements.)*

**FSA-2029 KS**
(11-04-08)

### UNITED STATES DEPARTMENT OF AGRICULTURE
Farm Service Agency

## MORTGAGE FOR KANSAS

THIS MORTGAGE ("instrument") is made on ___August 30,___ , 20 _13_ . The mortgagor is _____

___Steven C. Claggett and Devin L. Claggett, husband and wife___

("Borrower") whose mailing address is ___1148 Road F___

___Hugoton, KS. 67951___ . This instrument is given to the United

States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at

___607 E. 11th Hugoton, Ks. 67951___

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| July 31, 2013 | $60,000.00 | 1.125% | July 31, 2020 |
| April 16, 2012 | $83,000.00 | 1.25% | April 16, 2019 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et.seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Kansas, County or Counties of ___STEVENS___ :

See attached Exhibit A for legal description.

Initial _____ date 9-11-13
9/11/13

FSA-2029 KS (11-04-08) *Page 1 of 6*

**EXHIBIT**

**C**

SEP 3 0 2013

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property. "

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by the Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et. seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.
7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.
8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.
9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

Initial DL date 9-11-13
DU       2/11/13

FSA-2029 KS (11-04-08) *Page 2 of 6*

10. **Repair and operation of property.** Borrower shall (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at 3600 Anderson Ave., Manhattan, Kansas 66503, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

Initial _____  date 9-16-13
        DU      9/11/13

FSA-2029 KS (11-04-08) *Page 3 of 6*

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof.
All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note. Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.

Initial _____ date 9-11-13

FSA-2029 KS (11-04-08) *Page 4 of 6*

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____ _____
STEVEN C. CLAGGETT                                      _____

_____ (SEAL)        _____ (SEAL)
DEVIN L. CLAGGETT

## ACKNOWLEDGMENTS

STATE OF KANSAS

COUNTY OF STEVENS ⎱ ss.        (Individual)

On this 11th day of September, 2013, before me personally appeared STEVEN C. CLAGGETT and DEVIN L. CLAGGETT, husband and wife, to be known to me to be the same person(s) whose name is subscribed to the foregoing instrument, and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary act, for the uses and purposes set forth.

My commission expires:
1-16-14

MARILYN A. MARTIN
Notary Public - State of Kansas
My Appt. Expires 1-16-14

_Marilyn A. Martin_
NOTARY PUBLIC

NOTE:   The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, the Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

_Note: Page 6 of 6 applies to entities only and will not be recorded for individuals._

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

**Exhibit A, Legal Description**
**Attached to Form FSA-2029 KS, Mortgage for Kansas**

Steven C. Claggett & Devin L. Claggett

Legal Description:

SURFACE AND WATER RIGHTS ONLY in and to:

West Half of the Southeast Quarter (W/2 of SE/4) of Section Thirty-one (31),
Township Thirty-four (34) South, Range Thirty-seven (37) West of the 6th P.M.
Stevens County, Kansas

Initial _KC_ Date _1-11-13_
Initial _DC_ Date _2/11/13_

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026 (09-07-10) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name Steven Carl Claggett | 2. State Kansas | 3. County Stevens |
|---|---|---|

| 4. Case Number 18-095-440942028 | 5. Fund Code 41 | 6. Loan Number 03 | 7. Date June 14, 2012 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE FO-BF-REG | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☒ Initial loan  ☐ Conservation easement  ☐ Deferred payments

☐ Consolidation  ☐ Rescheduling  ☐ Debt write down

☐ Subsequent loan  ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a)  607 E. 11ᵗʰ Hugoton, KS. 67951  or at such other place as the Government may later designate in writing, the principal sum of (b)  TWO HUNDRED SIXTY THOUSAND DOLLARS AND NO/100 ----------------- ------------------------------- dollars (c) ($ 260,000.00 , plus interest on the unpaid principal balance at the RATE of (d) THREE AND THREE-EIGHTHS --------------------------------- percent (e)  3.375  %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a)  40  installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 11,941.00 | MARCH 1, 2013 | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |

and (d) $  11,941.00  thereafter on the (e)  1ˢᵗ OF MARCH  of each (f)  YEAR  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g)  40  years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.

Initial  VSC  Date  6-14-12

EXHIBIT

D

FSA-2026 (09-07-10)　　　　　　　　　　　　　　　　　　　　　　　　　Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _J BC_　Date _6-14-12_

FSA-2026 (09-07-10)                                                                                                                   Page 3 of 3

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

STEVEN  CARL  CLAGGETT


1148 Road F
Hugoton, KS. 67951


NOTE:        The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

This form is available electronically.

| | Form Approved – OMB No. 0660-0233 |
|---|---|

**FSA-2501**
(07-25-12)

Position 2

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
## FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name | 2. Full Case Number *(ST/CO/9 digits)* |
|---|---|
| STEVEN CARL CLAGGETT | 18   -095   - 0 440942028 |

3. Promissory Note or Assumption Agreement:

| A. Fund Code | B. Loan Number | C. Date | D. Amount |
|---|---|---|---|
| 41 | 03 | 06/14/2012 | $260,000.00 |

4. This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

A.   Disaster Designation Number:   S3641

B.   Date of Installment being Set-aside:   03/01/2014

C.   Amount of Installment Set-aside:   $ 11,941.00

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name | 5B. Signature | 5C. Date |
|---|---|---|
| Steven Carl Claggett | *[signature]* | 6-12-14 |
| 6A. Borrower Name | 6B. Signature | 6C. Date |
| | | |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| | | |
| 8A. Borrower Name | 8B. Signature | 8C. Date |
| | | |

NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended).  The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.  The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File.  Providing the requested information is voluntary.  However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233.  The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions.  The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program.  (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.



**STATE OF KANSAS**   **SS**
**COUNTY OF STEVENS**
This instrument was filed for record on the 14th
day of **June**            A.D. 2012
at 11:00 o'clock A.M. and duly recorded in
Book **278** on page **324** Fee $ **28.00**
_Ylva A Schneider_, Deputy
(Register of Deeds)

**Book   278     Page   324**

**REGISTRATION FEE**
Amount of Indebtedness $ **260,000.00**
Paid this **14th** day of **June**  20 **12** No. **N/A**
ZILPHA ROSEL, REGISTER   Fees $ **0.00**
**Register of Deeds, Stevens County, Kansas**

**✳ EXEMPT ✳**

Position 5

Form Approved - OMB No. 0560-0237
*(See Page 5 for Privacy Act and Public Burden Statements.)*

FSA-2029 KS
(11-04-08)

### UNITED STATES DEPARTMENT OF AGRICULTURE
Farm Service Agency

## MORTGAGE FOR KANSAS

THIS MORTGAGE ("instrument") is made on   June 14,        , 20   12   . The mortgagor is
Steven C. Claggett, a single person
("Borrower") whose mailing address is   1148 Rd. F
Hugoton, Ks. 67951            . This instrument is given to the United
States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at
607 E. 11th Hugoton, KS. 67951
This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively
called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and
authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| June 14, 2012 | $260,000.00 | 3.375% | June 14, 2052 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as
provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government:  (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any
amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with
interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan
agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as
evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the
State of Kansas, County or Counties of   STEVENS                                          :
See attached Exhibit A for legal description.

Initial _SC_ date  6-14-12            FSA-2029 KS (11-04-08) *Page 1 of 6*

EXHIBIT

E

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property. "

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

     1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

     2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

     3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by the Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

     4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

     5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

     6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et. seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

     7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

     8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

     9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

Initial _____ date _____

10. **Repair and operation of property.** Borrower shall (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at 3600 Anderson Ave., Manhattan, Kansas 66503, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

Initial _VL_ date _6-14-12_          FSA-2029 KS (11-04-08) *Page 3 of 6*

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note. Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.

Initial _SC_ date _6-14-12_

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____
STEVEN C. CLAGGETT

_____(SEAL)          _____(SEAL)


### ACKNOWLEDGMENTS

STATE OF KANSAS

COUNTY OF __Stevens__ } ss.          (Individual)

On this __14th__ day of __June__ , before me personally appeared __Steven C. Claggett a/k/a__
__Steven Claggett__ , to be known to me to be the same person(s) whose name is subscribed to the foregoing instrument, and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary act, for the uses and purposes set forth.

My commission expires: __10-29-12__

GREGORY W. BOND
NOTARY PUBLIC
STATE OF KANSAS
MY APPT. EXPIRES 10/29/2012

_____
NOTARY PUBLIC

---

**NOTE:** *The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a); the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, the Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

*Note: Page 6 of 6 applies to entities only and will not be recorded for individuals.*

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

**EXHIBIT A TO MORTGAGE FOR KANSAS**

Steven C. Claggett

Legal Description:

SURFACE AND WATER RIGHTS ONLY in and to:

West Half of the Southeast Quarter (W/2 of SE/4) of Section Thirty-one (31),  Township
Thirty-four (34) South, Range Thirty-seven (37) West of the 6th P.M., Stevens County,
Kansas

Initial _____ Date _____